**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHARON A,[1]                                          Case No. 3:24-cv-267

          Plaintiff,                                  Bowman, C.M.J.

     v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sharon A. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error for this Court's review. The Commissioner's finding of non-disability will be AFFIRMED because it is supported by substantial evidence in the record as a whole.[2]

**I.  Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) in February 2021, alleging disability beginning July 18, 2015. (Tr. 18, 384-90). Plaintiff previously applied for disability benefits, which resulted in a final and binding ALJ decision dated July 17, 2015. (Tr. 18, 82-98). The ALJ found no basis for reopening the prior decision. (Tr. 18-19).

---

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.
[2]The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

1

Plaintiff's insured status, for purposes of being entitled to receive Title II benefits, expired on December 31, 2018.[3] (Tr. 19, 22).

Plaintiff's application was denied initially in July 2021 and upon reconsideration in September 2021 (Tr. 18, 131-34, 146-54). Plaintiff then requested an evidentiary hearing before an Administrative Law Judge ("ALJ").  At a hearing held on June 27, 2023, Plaintiff appeared with counsel and gave testimony before ALJ Gregory Kenyon; a vocational expert ("VE") also testified.  On August 14, 2023, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled.  (Tr. 18-34).

Plaintiff was born in January 1971 and was 41 years old on her date last insured. (Tr. 32). She graduated from college and has a bachelor's degree.  She has past relevant work as a mental health case manager.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia, polycystic ovarian syndrome, asthma, migraine headaches, major depression, anxiety disorder, attention deficit hyperactivity disorder (ADHD)." (Tr. 22). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform sedentary work subject to the following limitations:

> (1) no more than occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no concentrated exposure to temperature extremes or respiratory irritants; (5) no work on wet or slippery surfaces; (6) limited to performing simple, routine, repetitive

---

[3] In order to meet the requirements for insured status, an individual is required to have 20 quarters of coverage in a 40-quarter period ending with the first quarter of disability. See 42 U.S.C. §§ 416(i)(3)(B) and 423(c)(1)(B); 20 C.F.R. § 404.130. To be entitled to benefits under Title II, Plaintiff must establish that she was disabled prior to the date her insured status expired, December 31, 2018 (R. at 19, 22). Id.

> tasks; (7) no more than occasional contact with coworkers and supervisors; (8) no public contact; (9) no fast-paced work; (9) very little, if any, change in job duties or work routine from one day to the next.

(Tr. 28).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her past relevant work.  However, the ALJ found that Plaintiff could perform other jobs in the national economy including bench assembler, weight tester, and addresser. (Tr. 33-34). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff argues that the ALJ's RFC finding is not substantially supported because he improperly evaluated the opinion evidence relating to her mental impairments. For the reasons outlined below, the Court finds no reversible error.

## II.  Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to

the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

**B.  The ALJ's Decision is Substantially Supported**

Plaintiff challenges the ALJ's RFC assessment arguing that the ALJ's RFC determination cannot be sustained because he failed to properly evaluate the opinion evidence. Specifically, Plaintiff argues that the ALJ failed to credit the findings of her psychiatrist Dr. Rahman and nurse practitioner Melanie Hynes.

The RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). It is a determination based on all of the relevant medical and other evidence and is ultimately an administrative determination reserved to the Commissioner. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). Plaintiff has the burden to provide evidence to establish her RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p.

The new regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017. (Tr. 28-29). See 20 C.F.R. §

404.1520c. The new regulation at 20 C.F.R. § 404.1520c differs from the previous regulation at 20 C.F.R. § 404.1527. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. Compare 20 C.F.R. § 404.1527(c)(2) with 20 C.F.R. § 404.1520c(a), (b). The ALJ is only required to explain how he or she considered the supportability and consistency factors, 20 C.F.R. § 404.1520c(c)(1)-(2), which are the two most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he or she considered medical opinions. See 20 C.F.R. § 404.1520c(b)(2)-(3). Further, in evaluating the statements from the state agency reviewing sources, an ALJ will also consider the evidence in accordance with the new regulations. See 20 C.F.R. §§ 404.1513a(b)(1)(2017), 404.1520c.

Here, in March 2015, Mahmood Rahman, M.D., completed a form indicating that Plaintiff had extreme limitations in her ability to deal with work stress, and marked limitations in functioning outside of her own home, maintaining occupational functioning, supervising other workers, dealing with the public, functioning independently, adjusting to

routine changes in a work setting, and performing detailed and complex job instructions. (Tr. 655).

In June 2022, Melanie Sue Hynes, APRN-CNP, identified Plaintiff's diagnoses and stated that the conditions impeded her ability to maintain work. (Tr. 858). State agency medical consultants reviewed the record and found that Plaintiff had presented insufficient evidence from the relevant time-period establishing disabling limitations. (Tr. 119-20, 125-27).

In formulating Plaintiff's RFC, the ALJ noted that Dr. Rahman's progress notes do not support the level of mental limitation he suggests. (Tr. 24) (internal citations omitted). Consequently, the opinion evidence presented by Dr. Rahman is generally not persuasive.  Namely, the ALJ noted that, Dr. Rahman indicated that Plaintiff's capacity to relate to supervisors and coworkers is "moderately" limited. (Tr. 25). The ALJ noted the record shows that Plaintiff appears to be capable of relating adequately to other people in her day-to-day dealings. She interacted appropriately during the hearing held on this matter. As such, the ALJ found Dr. Rahman findings to be persuasive with regard to the Plaintiff's capabilities in this particular area of mental functioning. (Tr. 25).

With respect to Ms. Hynes, the ALJ found that her opinion is not persuasive for purposes of this decision. (Tr. 29). This opinion was not expressed until more than three years after the expiration of Plaintiff's Title II disability insured status on December 31, 2018. It is not supported by or consistent with medical evidence pertaining to the period of time at issue. The ALJ further noted that Ms. Hynes merely listed Plaintiff's various diagnoses and stated that these diagnoses prevented her from working. (Tr. 29-30).  As

7

such, he determined that her assessment is vague, and she does not identify any specific functional limitations. (Tr. 29).

The ALJ's decision is substantially supported in this regard.  As noted by the Commissioner, the ALJ found that Dr. Rahman opinions were unsupported.  Dr. Rahman's progress notes did not support his extreme limitations and when asked to cite clinical findings in support of his opinion Dr. Rahman left the form blank.  The ALJ also found that his extreme limitations were not consistent with Plaintiff's treatment notes and the evidence of record. (Tr. 24). *See Chicora v. Comm'r of Soc. Sec.*, 852 F. App'x 968, 970 (6th Cir. 2021) ("The ALJ's explanation goes directly to the supportability and consistency factors. The ALJ cited specific statements in Dr. Castillo's own treatment notes and examination findings that fail to support her opinion ...").

With respect to Nurse Hynes, the ALJ noted that Plaintiff's insured status expired three years before she issued her opinion.  (Tr. 29).  The ALJ also noted that Ms. Hynes merely listed Plaintiff's various diagnoses and stated that the diagnoses prevented her from working. (Tr. 29- 30). It is well established that a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146,151 (6th Cir. 1990) (diagnosis of impairment does not indicate severity of impairment). The ALJ further noted that her opinion as vague, did not identify any specific functional limitations and were not supported by, nor consistent with, the medical evidence pertaining to the period of time as issue. (Tr. 29).

Last, Plaintiff appears to challenge the testimony of the vocational expert.  Namely, Plaintiff contends that during the hearing, the vocational expert testified that being off-

task more than ten (10) percent of the time would be work-preclusive. (Tr. 71). The vocational expert further testified that it is work preclusive if a person misses work more than one day per month. (Tr.70-71). However, the ALJ's RFC did not include those limitations.

The Sixth Circuit has held that a hypothetical question must only include a claimant's credible impairments and limitations. See Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001) (emphasis added); *Casey v. Sec'y of Health & Human Servs*., 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical question was supported by the medical record and other evidence, and Plaintiff has not shown that she had limitations greater than those reflected in the ALJ's hypothetical question and eventual RFC finding. However, as discussed above, the medical evidence did not support these alleged limitations, and there is no credible medical opinion that shows that Plaintiff had greater limitations than found by the ALJ. Accordingly, the ALJ's decision is substantially supported in this regard.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and is **AFFIRMED. IT IS FURTHER ORDERED THAT** this case is **CLOSED**

         *s/Stephanie K. Bowman*
         Stephanie K. Bowman
         United States Chief Magistrate Judge